```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF ALABAMA
                       NORTHERN DIVISION


CECIL HARVEY,                      :
                                   :
        Plaintiff,                 :
                                   :
vs.                                :   CIVIL ACTION 07-0485-KD-M
                                   :
IMMIGRATION & CUSTOMS              :
ENFORCEMENT, et al.,               :
                                   :
        Defendants.                :
```

REPORT AND RECOMMENDATION

    Plaintiff, a Perry County Correctional Center prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 and a Motion to Proceed Without Prepayment of Fees.  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court for Plaintiff's failure to prosecute.

    On August 8, 2007, after review of Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 4), Plaintiff's was ordered to pay a $16.74 partial filing fee by August 28, 2007 (Doc. 6).  Plaintiff paid the $16.74 partial filing fee on August 23, 2007 (Doc. 7) and the file was referred for the Court's 28 U.S.C. § 1915 (e)(2)(B) review.  On December 13, 2007, the Court entered an Endorsed Order denying Plaintiff's Motion to Transfer to Another Facility (Doc. 8).  This Order was mailed to Plaintiff at his last known address, Rt. 2, Box 176 Highway 80, Uniontown,

Alabama 36786, and was returned to the Court with the notation "Returned to Sender, Addressee Not At This Facility" (Doc. 9). The Court last heard from Plaintiff on August 23, 2007, when he paid the partial filing fee.  Plaintiff was previously advised that it is his responsibility to advise the Court immediately of any change of address, e.g., when Plaintiff is transferred, released, etc., or he would suffer the dismissal of this action for failure to prosecute and to obey the Court's Order (Docs. 2, 6).  Because Plaintiff has not notified the Court of a change in his address, the Court finds that Plaintiff has abandoned prosecution of this action.

 Due to Plaintiff's failure to comply with the Court's Order, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord

Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de

3

>     novo and a different disposition made.  It is
>     insufficient to submit only a copy of the original
>     brief submitted to the magistrate judge, although a
>     copy of the original brief may be submitted or referred
>     to and incorporated into the brief in support of the
>     objection.  Failure to submit a brief in support of the
>     objection may be deemed an abandonment of the
>     objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 10th day of January, 2008.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE